Richardson, Ch. J.,
delivered the opinion of the court:
The claimant moves that:
“ Whereas the above-enticled cause has been examined, approved and allowed by the Secretary of the Interior under the act of March 3, 1885.
“And whereas the Attorney-General has not filed his election to reopen the claim and the claimant has filed an election not to reopen the claim.
“ Therefore the claimant moves for judgment in the amount allowed for want of the election of the United States.”
He relies in support of his motion upon the following action in the Interior Department.
October 29,1887, the Commissioner made a report to the Secretary, which, after reciting his views, concludes as follows:
“Adopting the above indicated views as the correct theory of the case this office submits the following as its findings of facts upon the above record:
“First. That at time of the injury complained of, the claimant was a citizen of the United States.
“ Second. That at said time the respective tribes of Kiowa and Comanche Indians were in treaty relations with the United States by treaty July 27, 1853,10 Stat., page 1013.
“Third. That claimant at the time charged, lost fifteen mules, of the value of $2,625 without his fault, by the hands of unknown Indians.
“ Fourth. That the evidence is not sufficient to charge said tribes of Comanche and Kiowa Indians with the commission of such injury and this office therefore recommends, that such claim be -not allowed against said tribes.”
The Secretary returned the same with this action, thereon:
“ November 2, ’87.
“The COMMISSIONER OP INDIAN APPAIRS:
“ Sir : Tour report of the 29th instant submitting the claim of William R. Price, of Missouri City, Mo., amounting to $3,750 for compensation for depredations alleged to have been committed in 1865 by Kiowa and Comanche Indians, has been considered.
“And your finding that claimant lost property to the value of $2,625, but that the evidence is not sufficient to charge the Kiowa and Comanche Indians with the commission of the injury, is concurred in.
*424 “The claim is hereby returned to be included by you in the list of depredation claims to be submitted to Congress as required by law.”
January 2,1888, the Commissioner transmitted to the Secretary a schedule of Indian depredation claims, the investigation of which had been completed on the first instant as follows:
“January 2,1888.
“ Sir : I have the honor, in compliance with the provisions of an act entitled ‘An act making appropriations for the current and contingent expenses of the Indian Department, etc., for the year ending June 30,1888’ (24 Stat., p. 464), to transmit herewith a schedule of Indian depredation claims in favor of citizens of the United States and against Indians holding treaty relations with the Government, whose investigations in pursuance of said act were Completed on the 1st instant.
“Said schedule contains the numbers of the claims, name and post-office address of each claimant, character of the property stolen or destroyed, the Indians charged with the depredation, when committed, date of presentation, amount claimed, amount allowed, date of action, whether barred, and the ‘date and clause of the treaty creating the obligation for payment," and also what funds now existing by reason of treaty or other obligation out of which the same should be paid.’
“Each claim, herewith is accompanied by the original testimony, former action had, post-office address of the witnesses, together with a letter, with full abstracts of the -whole record in the case, embodying ‘my opinions and conclusions upon all material facts, and all the evidence and papers pertaining thereto.’”
January 31, 1888, the Secretary transmitted the same to the House of Representatives:
“January 5,1888.
“ Sir : In compliance with request contained in the act of March 2,1887 (24 Stat., 464), making appropriation for the Indian service for the fiscal year ending June 30,1888,1 have the honor to transmit herewith a schedule of Indian depredation claims, numbering 433, whose examination was completed on January 1,1888, together with the papers in each of the claims and the determination of the Department in each of the respective cases.
“These claims comprise those finally considered and determined since the date of the report of January 5, 1887, submitting a prior schedule of such claims, numbering 305, which will be found printed in House Ex. Doc. No. 77, Forty-ninth Congress, second session.
“The letter of the Commissioner of Indian Affairs, dated the 2d instant, to this Department of this subject is also inclosed.”
*425 In said schedule or list this claim was inserted thus, omitting immaterial columns:

We do not think this action, considered altogether, was an approval and allowance within the meaning of the act of March 3,1891 (ch. 538). The schedule or list has no column for allowances. Taken by itself alone, or in connection with other facts, the word “ approved” may be construed as including “allowed,” but the schedule has a column headed “date of action,” under which, in this case, is put down “ October 29.” The action thus referred to was that of the Commissioner and the Secretary thereon, both of which accompanied the schedule as reported to Congress, and we now have them before us. Such action became a material part of the report and explains the language of the schedule, which was in the nature of an index.
To entitle a claim to priority of consideration and judgment when neither party elects to open the same, it must appear to have been “examined, approved, and allowed” by the Secretary of the Interior. This claim, was examined, but never allowed, directly or constructively.
The jurisdiction of the Secretary was limited to claims as to which he was able to determine by what tribe the depredations were committed' and which were chargeable against a tribe of Indians by reason of some treaty between such tribe and the United States.
This is the statute which contained his whole authority:
“Indian depredation claims: For the investigation of certain Indian depredation claims, $10,000.
“ And in expending said sum the Secretary of the Interior shall canse a complete list of all claims heretofore filed in the Interior Department and which have been approved in whole or in part and now remain unpaid,
“And also all such claims as are pending, but not yet examined, on behalf of citizens of the United States on account of depredations committed, chargeable against any tribe of In *426 dians by reason of any treaty between such tribe and the United States,
“ Including tbe name and address of tbe claimants, tbe date of tbe alleged depredations, by wbat tribe committed, tbe date of examination and approval, with a reference to tbe date and clause of tbe treaty creating tbe obligation for payment, to be made and presented to Congress at its next regular session;
“And tbe Secretary is authorized and empowered, before making sucb report, to cause sucb additional investigation to be made and sucb further testimony to be taken as be may deem necessary to enable him to determine the hind and value of all property damaged or destroyed by reason of tbe depredations aforesaid, and by what tribe such depredations were committed.
“And bis report shall include bis determination upon each claim, together with tbe names and residences of witnesses and the testimony of each, and also wbat funds are now existing or to be derived by reason of treaty or other obligation out of which the same should be pañdP [1 Sup. to E. S., 2d ed., p. 913, note 3 to sec. 1, and 23 Stat. L., 376.]
When,, therefore, tbe Secretary found that tbe evidence was not sufficient to charge tbe Kiowa and Comanche Indians with tbe commission of tbe injury, bis jurisdiction came to an end and be was without authority either to approve or allow tbe claim. Had be done so it could not beheld that tbe same was examined, approved, and allowed by tbe Secretary of tbe Interior in pursuance of tbe act of March 3,1886, above set out.
As these views dispose of tbe motion, it is not necessary to determine whether or not claims which have been examined, approved, and allowed by tbe Secretary of tbe Interior in pursuance of tbe act of 1885, are entitled to priority and judgment when tbe claimants file their written election not to reopen them and tbe defendants delay to make any election.
Tbe motion is overruled.